UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE<br><br>                            Plaintiff,<br><br>vs.<br><br>ROBERT DANE DEFFENBAUGH | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jane Doe [1] ("Plaintiff"), by and through her attorneys, Saltz Mongeluzzi Bendesky, PC and Held Hines, LLP, for her Complaint alleges as follows:

## INTRODUCTION

1. This matter arises from the horrific physical and sexual abuse committed by Defendant, Robert Dane Deffenbaugh against Plaintiff, Jane Doe.

2. For almost a year, Defendant assaulted and battered Plaintiff, including by choking, hitting and kicking her, threatening her with a knife, forcing her to engage in sexual acts against her will and by refusing to let her seek medical care for her injuries.

3. Plaintiff bore the brunt of Deffenbaugh's anger with no way out because he controlled her world until at long last on March 1, 2020, after a particularly brutal episode and with the help of a friend, Plaintiff was able to escape and call the police.

4. Defendant, Robert Deffenbaugh was charged with and has pleaded guilty to multiple violent crimes in connection with his abuse of Plaintiff, Jane Doe.

5. On or about January 3, 2024, Defendant, Robert Deffenbaugh pleaded guilty to criminal offenses arising from his abuse of Plaintiff, including the Class D felony of Strangulation

---

[1] Plaintiff is using the pseudonym "Jane Doe" in this Complaint in place of her real name. Plaintiff intends to file a motion to proceed under a pseudonym on the basis of her privacy because her allegations concern sexual abuse.

in the Second Degree in violation of New York Penal Law § 121.12, and Criminal Obstruction of Breathing, in violation of New York Penal § 121.11.

6. Defendant's dehumanizing abuse caused Plaintiff serious physical and emotional injuries.

7. Plaintiff continues to suffer from debilitating headaches, blurry vision, panic attacks and crippling depression, among other serious physical, emotional and psychological harms.

8. This action seeks to hold Defendant, Robert Dane Deffenbaugh responsible for the horrific and misogynistic harms which he inflicted on Plaintiff, Jane Doe.

## PARTIES

9. Plaintiff Jane Doe is a female citizen who currently resides in Colorado.

10. Defendant Robert Dane Deffenbaugh is a male citizen who, on information and belief, currently resides in New York.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because this case is between the citizens of two different states, and the amount in controversy exceeds $75,000.

12. This Court has specific personal jurisdiction over Defendant because the tortious acts giving rise to Plaintiff's claims took place in New York State.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## JURY DEMAND

14. Plaintiff hereby demands a trial by jury on her claims in this action.

**FACTUAL ALLEGATIONS**

15.     Plaintiff, Jane Doe, first met Defendant, Deffenbaugh on a visit to Denver in early January 2019, exchanged numbers and began communicating.

16.     Defendant, Deffenbaugh's intense attention was all-consuming. He insisted that he wanted to be with Plaintiff all the time, urging her to join him on lavish trips and continuing to push her even when Plaintiff said no.

17.     Plaintiff felt uncomfortable with Defendant's insistence at first, but she was charmed by his determination. She believed that Defendant, Deffenbaugh, loved her and she believed she saw a future with him.

18.     Defendant, Deffenbaugh, insisted that Plaintiff spend more time at his home in New York, as Defendant soon began covering more and more of Plaintiff's expenses, until he convinced her to stop working altogether so that she would be entirely reliant on him for everything.

19.     During the spring of 2019, Plaintiff moved into Defendant's apartment in New York City, and in a matter of months, Defendant, Deffenbaugh, had begun dictating nearly every aspect of Plaintiff's life including her clothing, her friends and her day-to-day activities.

20.     On the few occasions that Plaintiff pushed back or disagreed, Defendant, Deffenbaugh, would lash out violently, in increasingly severe ways.

21.     On one occasion, Defendant, Deffenbaugh, grabbed Plaintiff by the neck, pushed her against a wall and began strangling her, causing her to black out.

22.     Defendant, Deffenbaugh, had normalized his control so completely, that Plaintiff believed Defendant when he told her he loved her and that this wouldn't happen again; and so she stayed with him.

23. Defendant nonetheless became increasingly aggressive towards Plaintiff, repeatedly strangling and abusing her over the course of almost a year.

24. Defendant severely beat Plaintiff and choking occurred as often as once a month throughout the time they lived together.

25. Defendant became easily set off by anything Plaintiff did and became increasingly violent towards Plaintiff over time, causing her to live in a constant state of fear for her life.

26. Plaintiff was trapped and controlled by Defendant's manipulations and was too ashamed to tell her family about his abuse and through his manipulations, she had become completely dependent on Defendant, Deffenbaugh.

27. Defendant brutally sexually assaulted Plaintiff on numerous occasions, including forcing Plaintiff to have vaginal intercourse against her will, despite her repeatedly saying no.

28. Defendant brutally subjected Plaintiff to sex against her will by forcefully pinning her down, and when Plaintiff attempted to get out from under him, Defendant overpowered her.

29. During one particularly horrific assault of Plaintiff, Defendant, Deffenbaugh strangled Plaintiff until she was unconscious.

30. When Plaintiff awoke, she was on the floor and Defendant was on top of her forcefully strangling her and she felt pain all over her body.

31. Plaintiff yelled "No!" and begged Defendant to get off of her, yet Defendant held Plaintiff down, pulled her pants off, and proceeded to have intercourse with her.

32. With Defendant's bodyweight pushing down on her, Plaintiff could not move and she began to cry, lying powerless under Defendant as she pleaded for him to stop the abuse.

33. In response, Defendant admonished her, callously asking "Can you cry after?" as he finished and then left the room.

34. On or about March 1, 2020, in a particularly brutal instance of abuse, Defendant Deffenbaugh, strangled Plaintiff in his apartment and pulled a knife on her, in an attack which was witnessed by a mutual friend of the couple.

35. Defendant, Deffenbaugh exploded in a rage as he grabbed Plaintiff, beat her, and strangled her to the point that she could not breathe.

36. During the brutal assault, Plaintiff cried out for help and the friend intervened to separate Plaintiff from Defendant.

37. Neighbors called the police after hearing Plaintiff screaming, who arrived shortly thereafter and prepared a police report.

38. Plaintiff attempted to separate herself from Defendant, Deffenbaugh, by blocking his phone number, but he repeatedly called and texted her from other phones.

39. Defendant, Deffenbaugh repeatedly threatened Plaintiff and her loved ones, stating that he would murder her family and anyone that helped her.

40. On or about Friday March 6, 2020, Plaintiff filed a criminal complaint against Defendant, Deffenbaugh in New York County Criminal Court.

41. On or about January 3, 2024, Defendant pleaded guilty to Strangulation in the Second Degree, a class D violent felony and Criminal Obstruction of Breathing, a class A misdemeanor.

42. Defendant, Deffenbaugh's repeated numerous assaults of Plaintiff have resulted in physical injuries including bruising, swelling, scarring, and resulted in her suffering difficulty breathing, a loss of hearing, blurred vision, injury to her left leg, burning in her chest, severe facial spasms, vomiting, fatigue, and partial paralysis of her face and jaw among other injuries.

43. Defendant, Deffenbaugh's repeated numerous assaults of Plaintiff have resulted in her suffering emotional and psychological trauma including debilitating terror, depression, fear and anxiety about her own bodily integrity and safety.

44. The abuse Plaintiff suffered at the hands of Defendant has permanently changed her life. She continues to experience serious physical and emotional symptoms from the months of terror and abuse.

45. Plaintiff is haunted by flashbacks of Defendant's brutal assaults and she suffers from memories of Defendant beating, strangling and forcing sex upon her, causing Plaintiff to relive the trauma over and over again.

46. Among other symptoms, Plaintiff suffers from severe debilitating anxiety and depression and is unable to sleep; she experiences crippling headaches, has frequent panic attacks and struggles with everyday social interactions because of the trauma.

47. The unlawful, intentional, willful, deliberately indifferent, negligent, grossly negligent and reckless acts and omissions of the Defendant, Robert Dane Deffenbaugh, as described herein, have caused Plaintiff, Jane Doe to suffer catastrophic and permanent injuries that will affect her for the remainder of her life. These injuries have already necessitated the expenditure of thousands of dollars in just the short time since these horrific events have occurred. That number will undoubtedly balloon into the hundreds of thousands as Plaintiff will be forever be physically and emotionally impacted as a result of these catastrophic and permanent injuries.

48. By reason of the unlawful, intentional, willful, deliberately indifferent, negligent, grossly negligent and reckless acts and omissions of the Defendant, Robert Deffenbaugh, Plaintiff, Jane Doe was caused to sustain serious, disabling and permanent personal injuries: she sustained bruising, swelling, scarring, and resulted in her suffering difficulty breathing, a loss of hearing,

blurred vision, injury to her left leg, burning in her chest, severe facial spasms, vomiting, fatigue, and partial paralysis of her face and jaw; she suffered from severe injury and pain to her chest; she has suffered from severe injury and pain to her legs; she has suffered from severe injury and pain to her arms; she has been required to undergo extensive physical therapy; she has sustained further injuries to the bones, muscles, nerves, tissues and ligaments of her body, the full extent of which is yet to be determined; she sustained other injuries to her nerves and nervous systems; she sustained other orthopedic, neurologic and psychological injuries, the full extent of which is yet to be determined, including but not limited to debilitating terror, depression, fear and anxiety about her own bodily integrity and safety; she has in the past and may in the future be required to submit to x-rays, MRIs and other diagnostic studies; she has in the past and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past and may in the future continue to endure pain and suffering; she has in the past and may in the future continue to be disabled from performing her usual duties, occupations, avocations, all to her great detriment and loss; she has in the past and may in the future suffer a loss of wages; she has suffered a significant loss of life's pleasures; she has suffered from severe embarrassment and humiliation.

49. The acts and omissions of Defendant, Robert Deffenbaugh, in brutally attacking and abusing Plaintiff for almost a year, support a claim for punitive damages in that said conduct was committed in a willful and/or reckless and wanton manner, with a conscious indifference to the laws of the State of New York, the safety of Plaintiff, Jane Doe, and were of such outrageous nature as to merit the award of punitive damages to punish the Defendant, for said conduct and to deter said Defendant and others from similar activities, for which claim is made.

50. By reason of the carelessness, negligence, recklessness and willful conduct of Defendants, as aforesaid, Plaintiff, Jane Doe, has incurred various expenses, including medical

expenses and bills, Plaintiff may be obligated to continue to expend monies and incur further obligations for her medical care and treatment, for an indefinite period of time in the future.

51.     Plaintiff, Jane Doe, has sustained and makes claim for pain and suffering, loss of physical function, permanent scarring, permanent physical, mental, and psychological injuries, humiliation and embarrassment, loss of life's pleasures, loss of earnings and future earning capacity, and any and all other damages to which she is entitled or may be entitled under the laws of the State of New York.

## FIRST CAUSE OF ACTION
### (Battery)

52.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

53.     In physically beating, choking and forcing sexual contact and sexual intercourse on Plaintiff after she repeatedly said no, Defendant intentionally subjected Plaintiff to bodily contact without her consent and which was offensive in nature.

54.     Plaintiff's lack of consent was evidenced by her repeated verbal refusals and her physically trying to break free of him on multiple occasions.

55.     As a result of Deffenbaugh's actions, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Assault)

56.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

57.     In physically beating, choking and forcing sexual contact and sexual intercourse on

Plaintiff after she repeatedly said no, Defendant engaged in physical conduct that placed Plaintiff in imminent apprehension that he would harm her.

58. Plaintiff's lack of consent was evidenced by her repeated verbal refusals to engage in contact with Defendant, as well as her physically trying to break free of him on multiple occasions.

59. As a result of Defendant's actions, Plaintiff suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(NYC Victims of Gender-Motivated Violence Protection Act)**

60. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

61. By forcing sexual contact and sexual intercourse on Plaintiff after she repeatedly said no, and without her consent, Defendant committed a "crime of violence motivated by gender" under the Victims of Gender-Motivated Violence Protection Act ("VGMVPA") as defined in N.Y.C. Admin. Code. § 10-1103.

62. The requirement that the crime of violence be committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender is satisfied because Defendant forced sexual contact and sexual intercourse on Plaintiff without her consent. Gender animus inheres when consent is absent.

63. Defendant's sexual assault of Plaintiff presented a serious risk of physical injury to her and in fact caused her significant physical injuries.

64. As a result of Defendant's actions, Plaintiff suffered damages in an amount to be determined at trial and pursuant to the fee-shifting provision of the statute.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

65. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

66. In committing the acts described above, Defendant engaged in extreme and outrageous conduct.

67. In doing so, Defendant acted with the intent to cause and/or disregard of a substantial likelihood of causing Plaintiff to suffer severe emotional distress.

68. As a direct result of Defendant's actions, Plaintiff suffered severe emotional distress.

69. As a result of Defendant's actions, Plaintiff suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

a. Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

b. Awarding punitive damages in an amount to be determined at trial;

c. Awarding attorneys' fees and costs pursuant to any applicable statute or law, including under the VGMVPA, *see* N.Y.C. Admin Code § 10-1104 & 10-1105, and any other applicable statute or law;

d. Awarding pre- and post-judgment interest on all such damages, fees and/or costs;

e.  Attaching any and all of Defendants' real property and other assets located in the State of New York pursuant to New York CPLR 6201 *et seq.* and Federal Rule of Civil Procedure 64; and

f.  Awarding such other and further relief as this Court may deem just and proper.

**HELD & HINES, LLP**

By: */s/ Philip M. Hines*
PHILIP M. HINES
4815 AVENUE N
BROOKLYN, NEW YORK 11234
P: (718) 531-9700
phines@heldhines.com
*Counsel for Plaintiff, Jane Doe*

**SALTZ MONGELUZZI BENDESKY**

By: */s/ J. Peter Veloski*
J. PETER VELOSKI (to be admitted *pro hac vice*)
VERONICA DIBELLO (to be admitted *pro hac vice*)
1650 MARKET STREET, 52ND FLOOR
PHILADELPHIA, PA 19103
(215) 496-8282
Pveloski@smbb.com
*Counsel for Plaintiff, Jane Doe*

August 8, 2025